Rockingham
No. 7116

BUILDERS ASSOCIATION OF GREATER BOSTON
FORMERLY KNOWN AS
THE HOME BUILDERS ASSOCIATION OF GREATER BOSTON

v.

WALSH PUBLISHING CORPORATION

April 30, 1976

*Gerald Cabitt,* by brief and orally, for the plaintiff.

*Sullivan, Gregg & Horton* and *J. Jefferson Davis (Mr. Davis* orally) for the defendant.

DUNCAN, J. This is an action of assumpsit upon a contract dated May 10, 1967, by which the defendant undertook to publish yearbooks in the fall of 1967 and the fall of 1968, in connection with the National Home Week promotions sponsored by the plaintiff, the proceeds from the publication to belong to the defendant, and the plaintiff to be paid a minimum of $3500 within sixty days of publication. The case was submitted to a Master (*Leonard C. Hardwick,* Esq.) upon an agreed statement of facts and issues, together with certain exhibits. The master made findings and rulings in writing, and recommended a verdict for the plaintiff in the sum of $3500, which was approved by the trial court, subject to defendant's exceptions upon the grounds that the verdict was against the law and evidence. The issues raised by defendant's exceptions were reserved and transferred by *Morris, J.*

The defendant's letter of May 10, 1967, stating the terms of the contract, contained the following provision: "It should be further understood that this agreement will continue from year to year with the proviso that the Association or the publisher may cancel

or modify it." The agreed statement shows that the defendant had published the yearbook and related material before 1967, and that it published pursuant to the May 1967 letter in the years 1967 and 1968. According to the agreed facts, the plaintiff received "oral notice that the Eneguess Publishing Company would be publishing the Plan Book"; and the 1969 book entitled 1969 Parade of Homes and Apartments was so published. It was also agreed that the "plaintiff received no written notice from the defendant as to cancellation or modification of the intent of the 1967 letter", and "had no specific knowledge of [the] terms or contents" of a contract between the defendant and Eneguess effective September 24, 1968 "and has never seen said contract".

The master found and ruled that the contract of May 10, 1967 was never modified or cancelled, and that there was "no agreement on the part of the plaintiff to substitute anyone else for the obligation of the defendant". The master also found that by letter of September 30, 1968, the plaintiff had notified the defendant that it looked to it to publish the 1969 book.

These findings and rulings were clearly warranted by the agreed statement of facts. The defendant argues that the plaintiff's participation in the preparation of the 1969 yearbook by Eneguess established that plaintiff had notice of cancellation; but such conduct would have been equally consistent with publication by the defendant pursuant to the May 10, 1967 contract under a subcontract with Eneguess, so far as the agreed facts disclose.

The defendant questions the ruling of the master that there could be modification or cancellation of the original contract "only if such was agreed to by both parties". The oral statement found to have been made in 1968 that the 1969 book would be published by Eneguess would have been adequate notice of cancellation for the year commencing May 10, 1969, had it purported to be such a notice. However the agreed facts do not compel or suggest a finding that it was such a notice and the master found that there was no evidence of any agreement to cancel. The bare statement that Eneguess would publish the 1969 book did not imply repudiation of the defendant's obligations under the 1967 contract. *See Dover v. Firefighters Local 1312,* 114 N.H. 481, 484, 322 A.2d 918, 920 (1974). Hence the ruling that there was no cancellation was warranted. 17A C.J.S. *Contracts* § 402 (1963); 2 H. Black, Rescission and Cancellation § 513 (2d ed. J. Lee

1929); 1A A. Corbin, Contracts §§ 163, 167 (1963); *see* Annot., 164 A.L.R. 1014 (1946).

*Judgment on the verdict.*

All concurred.